■ In the Matter of UOB REALTY (USA) LIMITED et al., Petitioners, v JAMES CHIN et al., Respondents. [736 NYS2d 874] —Determination of respondent New York City Board of Standards and Appeals, dated August 8, 2000, which granted re-

spondent building owner's application for a variance, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [William Davis, J.], entered November 9, 2000), dismissed, without costs.

The Board's finding that the minimum variance necessary to remedy the subject premises' inefficient elevator service is a new elevator bank to be contained in an external tower in the building's rear yard is supported by substantial evidence of a unique physical condition rendering it impractical to install a new elevator bank in the premises' interior space, namely, the construction of a large portion of the premises on pilings. We reject petitioners' contention that the requirement of "unique physical conditions" in New York City Zoning Resolution § 72-21 (a) refers only to land and not buildings (*cf., e.g., Matter of SoHo Alliance v New York City Bd. of Stds. & Appeals*, 95 NY2d 437, 440-441). We have considered petitioners' other arguments and find them unavailing. Concur—Williams, J.P., Saxe, Ellerin, Lerner and Friedman, JJ.